CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

02/20/2019

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:00-cr-00062 |
| v. | **MEMORANDUM OPINION** |
| JOSEPH JACKSON NOFFLETT, *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court upon Defendant Joseph Jackson Nofflett's motion to reduce his sentence pursuant to retroactive application of the Fair Sentencing Act of 2010 under Section 404 of the First Step Act of 2018. (Dkt. 57). This matter has been briefed and is ripe for review. For the following reasons, the Court will grant Defendant retroactive relief under the First Step Act.

A five-count indictment was issued against Defendant on September 12, 2000. (Dkt. 1). On November 7, 2001, Defendant pleaded guilty to all five counts pursuant to a plea agreement. Relevant here, Defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Dkts. 25–26). At the time of sentencing, a violation of § 841(b)(1)(A) carried a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment. (Dkts. 57 at 2; 60 at 2). At the June 17, 2002 sentencing hearing, the Court found that Defendant qualified as a career offender, and Defendant's Guidelines range was therefore enhanced under U.S.S.G. § 4B1.1. The Court imposed a sentence of 300 months imprisonment, comprised of 240 months for Count 1 (the cocaine offense relevant to this motion), and 60 months for a count under 18 U.S.C. § 924(c). The Court also sentenced Defendant on his remaining three counts of conviction, and ordered

1

that the sentence for these three counts run concurrently with the sentence for Count 1. (Dkt. 35). On August 6, 2014, Defendant filed a motion to reduce his sentence pursuant to Amendment 782, but the motion was denied due to Defendant's career offender status. (Dkts. 45, 47). On January 28, 2019, Defendant filed the present motion to reduce his sentence pursuant to the First Step Act of 2018. (Dkt. 57).

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*.

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).[1]

---

[1] Although § 3582(c)(1)(B) does not reference § 3553(a) as do other § 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*,

The parties agree that Defendant's offense of conviction is a "covered offense" as defined by the First Step Act. The offense was committed before August 3, 2010 and the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Pub. L. No. 111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) was increased from fifty to 280 grams. *Id.*

At the time of Defendant's sentencing, the applicable sentencing range was 262 months to 327 months imprisonment. Under the First Step Act, the statutory range for Defendant's offense, taking into account Defendant's total offense level of 32, his criminal history category of VI, and his career offender status, is 188 to 235 months imprisonment. *See* 21 U.S.C. 841(b)(1)(B). The United States proposes a modification of Defendant's sentence to 172 months on Count One, but not less than a total sentence of time served, and 4 years of supervised release on Count One. Defendant argues that his sentence should be reduced to 172 months imprisonment on Count One, with 4 years of supervised release to follow.

After a review of the record and consideration of the factors set forth in § 3553(a), the Court concludes that a modification of Defendant's sentence pursuant to the First Step Act of 2018 is appropriate. Accordingly, the Court will order that Defendant's sentence on Count One

---

https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

be modified to time served, with 4 years of supervised release. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this 20th day of February 2019.

                                                  */s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE